UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE ALI,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 21-cv-02193-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL; ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 31, 35 |

## I.   INTRODUCTION

On June 9, 2022, Stanley Goff filed a Motion to Withdraw as Counsel for Plaintiff Jessie Ali. ECF No. 35. Plaintiff has not filed an opposition and did not appear at the August 4 hearing on the matter. Defendants do not oppose Mr. Goff's motion. ECF No. 43. Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons. The Court also **DISCHARGES** the May 13, 2022 show cause order (ECF No. 31) as to Mr. Goff. Based on Plaintiff's failure to prosecute, this case is **DISMISSED WITHOUT PREJUDICE**.[1]

## II.   BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 case on March 29, 2021, alleging Sheriff's Deputy Ruben Sanchez used excessive force against him while he was an inmate at County Jail #5 in San Bruno. ECF No. 1. He named Sanchez and the City and County of San Francisco as defendants.

**A.   First Show Cause Order**

Pursuant to the initial scheduling order, the parties' joint case management statement was

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 19, 23, 25.

1  due June 24, 2021.  ECF No. 5.  As the parties did not file a statement, the Court vacated the July
2  1 case management conference and ordered them to file a status report.  ECF No. 12.  In response,
3  Defendants filed a separate statement indicating their counsel called and emailed Mr. Goff to meet
4  and confer regarding initial disclosures and submitting a joint status report, but they did not hear
5  back from him.  ECF No. 13.  Plaintiff filed no response.  Accordingly, the Court ordered Plaintiff
6  to show cause by July 15 why the case should not be dismissed for failure to prosecute and failure
7  to comply with court deadlines.  ECF No. 14.

8        In response to the show cause order, Mr. Goff filed a response indicating Plaintiff was in
9  the process of either obtaining new counsel or representing himself in pro se.  ECF No. 15.  Based
10 on Mr. Goff's declaration, the Court discharged the show cause order and scheduled a case
11 management conference on August 26.  ECF No. 16.  As part of its order, the Court reminded Mr.
12 Goff that unless Plaintiff filed a substitution of counsel or notice of intent to represent himself, Mr.
13 Goff had a duty to discharge his obligations to his client and the Court under Civil Local Rule 11-
14 4 and that, under Local Rule 11-5(a), he could not withdraw from the case until relieved by order
15 of Court after written notice had been given to Plaintiff.  The Court warned Mr. Goff that failure to
16 comply with these obligations may result in the imposition of sanctions.

17 **B.      Second Order to Show Cause**

18       The parties subsequently filed separate case management statements (ECF Nos. 20-21) and
19 the Court issued a scheduling order in which it referred the parties to another magistrate judge for
20 a settlement conference.  ECF No. 26.  The case was referred to Judge Jacqueline Scott Corley,
21 who scheduled a settlement conference to take place on May 10, 2022.  ECF No. 27.  However, on
22 April 19 Judge Corley vacated the settlement conference matter after Mr. Goff represented that he
23 did not have any contact with his client and was going to move to withdraw as.  ECF No. 28.
24 Subsequently, on May 6 Defendants filed a discovery letter indicating they attempted to meet and
25 confer with Mr. Goff but were again unable to get a response.  ECF No. 29.  As such, the Court
26 ordered Mr. Goff to file a declaration by May 12 regarding his communication with his client, the
27 status of his representation, and his failure to respond to Defendants' communication attempts.
28 ECF No. 30.

After Mr. Goff failed to respond, the Court issued a second show cause order (1) directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines and (2) directing Mr. Goff to show cause why he should not be referred for disciplinary proceedings based on his failure to comply with his obligations to his client and the Court. ECF No. 31. The Court directed Mr. Goff to serve the show cause order on Plaintiff and file proof of service by May 17, 2022.

Mr. Goff did not file proof of service on his client; instead, he filed a response on May 24 indicating that "after filing the lawsuit for Plaintiff in this matter, it was conveyed to me that my legal representation of the Plaintiff was no longer needed," and that he would be filing a motion to withdraw. ECF No. 32. Mr. Goff also stated that "all that I have is a phone number that belongs to the Plaintiff, which is the only point of contact that I have for him. That I do not have an e-mail or physical address to send Plaintiff the recent order issued by the Court in order to for me to file a proof of service." Finally, Mr. Goff stated that he failed to respond to the Court's May 6 status order "due to a family emergency that necessitated me taking a family member to emergency for suffering from pneumonia and then having to care for the family member for over two weeks."

Based on Mr. Goff's response, the Court, out of concern that he was not fulfilling his duties to both his client and the Court, issued an order for him to file a further declaration by June 2. ECF No. 33. It noted that Mr. Goff has known since at least July 15, 2021, the date he responded to the first show cause order, that "Plaintiff Jessie Ali is in the process of either obtaining new counsel or representing himself in pro se." Mr. Goff also previously represented that he intended to file a motion to withdraw as counsel, ECF No. 28, yet he had not done so. Over ten months had passed since Mr. Goff first informed the Court that he would no longer represent Plaintiff, yet he had made no effort to withdraw. Further, although Mr. Goff stated that he has a phone number for Plaintiff, he did not state whether he attempted to call his client and inform him of the show cause order or his intent to withdraw as counsel. Accordingly, the Court ordered Mr. Goff to file a further declaration detailing: (1) the reason he had not moved to withdraw from this case at any time since July 15, 2021; (2) his communication attempts with his client since that date; (3) a record of any calls he made to his client (including dates, times, and

3

1  duration of attempts) between May 24 and June 2; and (4) if able to reach Plaintiff by phone, an
2  attestation that he informed his client of the status of the proceedings and the pending show cause
3  order, that he requested Plaintiff provide a physical address and/or e-email address, and that he
4  informed his client that he intends to file a motion to withdraw. ECF No. 33. The Court also
5  directed Mr. Goff to file a motion to withdraw as counsel by June 2. Pending Mr. Goff's
6  response, the Court held the second show cause order in abeyance.

7  As of June 6, Mr. Goff had not filed a further declaration and had not filed a motion to
8  withdraw as counsel. As such, the Court scheduled a show cause hearing on June 16, giving
9  Plaintiff a "final opportunity" to show cause why this case should not be dismissed for failure to
10 prosecute and giving Mr. Goff a "final opportunity" to show cause why he should not be referred
11 for disciplinary proceedings. ECF No. 34. The Court also directed Mr. Goff to file a declaration
12 by June 9 attesting that (1) he attempted to serve the June 6 order and the Court's previous orders
13 on Plaintiff; (2) he attempted to call Plaintiff and notify him of the Court's show cause orders,
14 including a record of any calls he makes (with dates, times, and duration of attempts) between
15 May 24 and June 9; and (3) if able to reach Plaintiff, an attestation that he informed him of the
16 status of the proceedings and the show cause hearing scheduled for June 16.

17 **C.   Mr. Goff's Declaration in Response and Motion to Withdraw**
18 On June 10, 2022, Mr. Goff filed a response to the show cause order indicating he

19 > has made one attempts [sic] twice a day by contacting people in the Tenderloin area of San Francisco, who the undersigned knows are friends with the Plaintiff, putting the word out for the Plaintiff to get in touch with the undersigned. However, none of these individuals had been in contact with the Plaintiff. On June 9th the undesigned [sic] called the phone number that Plaintiff had given the undersigned when the case was first filed. Someone finally answered the phone. However, the person who answered the phone informed the undersigned that the number did not belong to the Plaintiff and hung up on the undersigned. The undersigned does not have any other means of communication with the Plaintiff in his possession and is unable to contact the Plaintiff.

26 ECF No. 36. Mr. Goff also filed a motion to withdraw as counsel for Plaintiff, stating that
27 "[i]rreconcilable differences between Plaintiff's attorney and Plaintiff created conditions that has
28 [sic] led to the undersigned not being able to represent the Plaintiff moving forward. To date,

4

1 Plaintiff's counsel has not received a substitution of attorney, or the identity of any attorney with
2 whom to discuss this matter but can no longer continue representation and therefore has no choice
3 but to file this motion to withdraw." ECF No. 35.

### III. MOTION TO WITHDRAW

**A.   Legal Standard**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). The conduct of counsel, including seeking leave to withdraw from a case, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 1.16(d), which provides that withdrawal is not permitted until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10,

1  2007).  Further, "[w]hen withdrawal by an attorney from an action is not accompanied by

2  simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to

3  withdraw may be subject to the condition that papers may continue to be served on counsel for

4  forwarding purposes . . . unless and until the client appears by other counsel or pro se."  Civ. L.R.

5  11-5(b).

**B.     Analysis**

Based on the record in this case, the Court finds good cause exists to permit Mr. Goff's withdrawal.  California Rule of Professional Conduct 1.16 provides several enumerated grounds under which counsel may properly seek to withdraw from representation, including when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. Rule of Prof. Conduct 1.16(b)(4).  Here, Mr. Goff has declared that Plaintiff informed him in 2021 that his legal representation was no longer needed, he has been unable to contact his client, and the only contact information he has for Plaintiff, a telephone number, appears to no longer belong to Plaintiff.  Given the irretrievable breakdown of communication between Mr. Goff and his client, as well as Plaintiff's failure to respond to this motion, withdrawal is appropriate.  *See Tabak v. Apple, Inc.*, 2021 WL 6332780, at *2 (N.D. Cal. Dec. 9, 2021) (granting withdrawal under Rule 1.16(b)(4) due to "breakdown in communication"); *Harman v. Ahern*, 2015 WL 4043244, at *2 (N.D. Cal. July 1, 2015) (failure to communicate constitutes good cause for withdrawal); *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal.").

The Court also finds Mr. Goff has complied with California Rule of Professional Conduct 1.16(d), in that Defendants were provided sufficient notice of his intent to withdraw and filed a statement of non-opposition, and Mr. Goff also attempted to provide notice to his client, who has failed to maintain contact with him.  Accordingly, the Court **GRANTS** Mr. Goff's motion to withdraw.  The May 13, 2022 show cause order is **DISCHARGED** as to Mr. Goff.

### IV. FAILURE TO PROSECUTE

**A.  Legal Standard**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline).  "The Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**B.  Analysis**

The first two *Henderson* factors strongly support dismissal.  First, "'the public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Second, the Court's need to manage its docket also weighs in favor of dismissal.  Plaintiff has delayed adjudication of the claims in this case multiple times by failing to file a case management statement, failing to respond to the Court's status and show cause orders, failing to appear at the August 4 hearing, and failing to communicate with his attorney.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991.  However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,

7

460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *Yourish*, 191 F.3d at 991. Here, Plaintiff has failed to comply with multiple court orders and failed to appear at the August 4 show cause hearing. Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to move this case forward and his failure to communicate with his attorney.

Finally, the Court has already attempted less drastic sanctions without success, including issuing multiple show cause orders and giving Plaintiff an opportunity to explain his failure to prosecute. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, in its June 6 order, the Court warned Plaintiff that the hearing would be his "final opportunity" to show cause why this case should not be dismissed for failure to prosecute. As he failed to respond and did not appear at the hearing, another order requiring him to respond is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and

giving the plaintiff an additional opportunity to re-plead). Moreover, the Court's show cause orders have repeatedly warned Plaintiff of the risk of dismissal; thus, he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted). Accordingly, the final factor weighs in favor of dismissal.

In sum, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. As Plaintiff has failed to prosecute this case, dismissal is appropriate. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to consider whether dismissal should have been without prejudice).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Stanley Goff's Motion to Withdraw as Counsel for Plaintiff Jessie Ali and **DISCHARGES** the show cause order as to Mr. Goff. As Plaintiff Jessie Ali has failed to prosecute this matter, the Court **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 4, 2022

THOMAS S. HIXSON
United States Magistrate Judge